Weygandt, C. J.
The facts in this controversy are not in dispute and are set forth in the following- stipulations of fact agreed to by counsel:
“Assessee, an unincorporated building contractor, on August 11, 1950, entered into a contract with the Greek Orthodox Church, Spring-field, Ohio, for certain additions and alterations to the Greek Orthodox Church in Spring-field, Ohio. On June 15, 1951, assessee entered into a contract with the Board of Education of Springfield City School District for the construction of an addition to Snowhill Elementary School. On September 26, 1952, assessee entered into a contract with the building committee of the Odd Fellows Home of Ohio for the construction of certain alterations and additions to the I. O. O. F. home for the aged in Spring-field, Ohio.
“These organizations with which assessee entered into the above contracts are exempt organizations under the provisions of the Ohio Sales Tax Law. Proper exemption certificates were executed and delivered to assessee prior to commencement of work under these contracts. Work under the contracts has been completed.
“Neither the contracts nor bills submitted thereunder by assessee separated the amounts for labor from the amounts for material nor were they paid separately, but assessee’s books and-records clearly showed a breakdown as between labor and material both before and after the contracts were executed. Assessee in preparing his bids prior to execution of the contracts showed on his books and records the breakdown as between labor and material. Assessee also in making- his charges and draws under the contracts after construction had begun showed on his books and records the breakdown as between labor and material.
“From these breakdowns on assessee’s books the price paid by the contractor for the materials alio *429 cated to the jobs in issue and the price charged by the contractor for labor and overhead on the jobs in issue can be determined.
“The foregoing includes all facts pertinent to the determination of the issues raised by the above captioned appeal.
i< # # *
“Assessee at all times referred to in the stipulation heretofore filed herein was a holder of a vendor’s license in accordance with the provisions of General Code, Section 5546-10.”
As stated by the appellant, the question of law before the court is:
“Was the appellee, Jacob F. Kloepfer, a construction contractor, under the. definition of ‘sale’ and ‘selling’ in Section 5546-1, General Code (Section 5739.01, Revised Code), engaged in making retail sales or was he a consumer of all materials incorporated into improvements and structures pursuant to operations under construction contracts?”
The appellee’s briefer version of the question is:
“Was Jacob Kloepfer a vendor or a consumer of the materials which provide the basis for the assessment ? ’ ’
The pertinent provisions of Section 5546-1, General Code, read as follows:
“ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both,' of tangible personal property, is or is to be transferred * * *. A construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property shall, if the consideration for such incorporation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract, constitute a sale of such tangible personal property for the purpose of this act.”
*430 Since a construction contract is involved here, the question first arises whether the price of the materials was “agreed upon, charged or paid separately” from the price of the labor.
According to the stipulations, the price was not agreed upon or paid separately. But was it charged separately.? This is answered by the following language in the above-quoted stipulations:
“Neither the contracts nor bills submitted thereunder by assessee separated the amounts for labor from the amounts for material nor were they paid separately, but assessee’s books and records clearly showed a breakdown as between labor and material both before and after the contracts were executed. Assessee in preparing his bids prior to execution of the contracts showed on his books and records the breakdown as between labor and material. Assessee also in.making his charges and draws under the contracts after construction had begun showed on his books and records the breakdown as between labor and material.
“Prom these breakdowns on assessee’s books the price paid by the contractor for the materials allocated to the jobs in issue and the price charged by the contractor for labor and overhead on the jobs in issue can be determined.”
Is this sufficient?.
In the syllabus in the case of Roberts v. Glander, Tax Commr., 156 Ohio St., 247, 102 N. E. (2d), 242, this court unanimously held that “a vendor who separately states such consideration on his books of account available to the Tax Commissioner and who collects the proper tax from his customer is entitled to have excepted as a predicate for the sales tax the consideration for services rendered even though he fails to make such separate statement on an invoice delivered to his customer-vendee for such repair job.”
Hence, the Board of Tax Appeals was correct in *431 following the pronouncement in the Roberts case and holding that “the amount charged for incorporated property is separately stated on assessee’s books and records” and that “Kloepfer is a vendor and not a consumer of the property assessed.”

Decision affirmed.

Middleton, Hart and Stewart, JJ., concur.